## Stone Construction Company v. Schubert

*Jonathan H. DeYoung,* of *Quinlan, Torak & De-Young,* for plaintiff.

*Justin G. Duryea,* of *Duryea, Larzelere & Kuen,* for defendants.

FORREST, P. J., February 8, 1965.—The litigation between the parties to this action arose in the form of a "Case Stated". The legal question involved is whether the discharge of debt of the husband's corporation in bankruptcy and the discharge of the husband individually discharge the suretyship arrangement undertaken by defendants, husband and wife, as guarantors of the judgment note.

The facts in this case are not in dispute. Defendants are husband and wife and defendant-husband was an active co-owner of a corporation known as Marlin Associates, Inc. On July 13, 1962, Marlin Associates, Inc., executed a judgment note of $2,365.40, in payment of a corporate obligation. The note was endorsed "personal guarantee by Marlin M. Schubert-Jean S. Schubert," executed in their individual signatures. On May 16, 1963, Marlin M. Schubert was adjudged a bankrupt under cause no. 27811, in the United States District Court for the Eastern District of Pennsylvania. Plaintiff's name was included in the list of creditors filed by the bankrupt. This suit in assumpsit was commenced by plaintiff against the guarantors on the note on February 20, 1964.

Defendant takes the position that a discharge in bankruptcy of one tenant is effective to discharge all

property held with that person as tenants by the entireties. This court cannot agree with this statement of the law. The courts of this Commonwealth have tended to treat the status of tenancy by the entireties as a separate estate from the two individual parties and to be considered as a distinct unit. As stated in Bank of Erie v. LaJohn, 27 D. & C. 2d 705, 709 (1962):

"In Pennsylvania, the law recognizes the unity of man and wife as a separate and distinct legal entity. Otherwise, entireties estates would have no firm foundation and would constitute nothing more than a refuge to which the spouses might run to escape a debt contracted by the entity itself. . . . While an entireties estate may afford a safety island against the enforcement of collection of the individual debts of a discharged bankrupt spouse, it provides no sanctuary against the enforcement of a debt contracted by the marriage entity as a unit. . . ."

In the Bank of Erie v. LaJohn case, supra, defendants, husband and wife, created a joint obligation to plaintiff by the execution of two judgment notes. The husband was subsequently discharged in bankruptcy, both individually and doing business as a tire company. His wife was not involved in the bankruptcy proceedings. The husband petitioned to open the judgment entered against defendants, alleging his adjudication in bankruptcy. In this action, the court decided that the adjudication in bankruptcy did not require the bankrupt to list his entireties property as an asset, 11 USCA §110(a); that an estate held as tenants by the entireties is a separate entity from either spouse; that a husband and wife could offer their entireties property to secure an obligation; that such an obligation belongs to the unity, and that a discharge of one of the tenants in bankruptcy does not discharge the unit. The court stated, at pages 712-13:

"It is our opinion that while the discharge of the bankruptcy court relieved James (debtor-husband) of the obligation of his provable debts, it did not touch the entire obligation of James and his wife. The discharge only affected the several liabilities aspect of the debt but afforded no relief against the distinct dimension of liability created by the husband and wife as a common law unit. Liability under the unit obligation, as opposed to the individual liabilities of the parties, was not the subject of protection by bankruptcy any more than the bankruptcy court had a right to subject entireties property to the satisfaction of James' debts."

Since this situation has only rarely been before our courts, there is very little Pennsylvania decisional law on this point. The Bank of Erie v. LaJohn, supra, and the case of Budget Plan, Inc., v. Hicks, 25 D. & C. 2d 365 (1961), are the only Pennsylvania cases which delve into this problem. However, both cases use extensive citation and authority from sister jurisdictions to ascertain the proper disposition of the matter. In both of these cases, defendants were joint obligors rather than joint guarantors, but the principles set forth therein are applicable to the instant case.

In the instant case, the obligation of the husband and wife, defendants, was not the primary obligation of joint obligor, but rather the liability as joint guarantors of payment. Section 3-416(1) of the Uniform Commercial Code, 12A PS §3-416(1), states that: "(1) 'Payment guaranteed' or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party."

The comments to this section state:

"An indorser who guarantees payment waives not only presentment, notice of dishonor and protest, but also all demand upon the maker or drawee. Words of

guaranty do not affect the character of the endorsement, as an endorsement ( §3-202(4) ) ; but the liability of the endorser becomes indistinguishable from that of a co-maker".

Accordingly, it would seem that the obligation of joint guarantors is tantamount to the obligation of the primary obligor. It is reasoned by this court that if a joint obligor's discharge in bankruptcy does not discharge the entireties obligation, then, by analogy, the discharge of a joint guarantor in bankruptcy should not release the liability of the entireties property which the sureties advanced upon executing this particular indorsement.

This result seems to be proper in light of the potential damage to the rules of suretyship which would arise by an opposite determination. Indeed, the purpose of suretyship is to secure to the creditor an asset which can be levied against in the event that the obligor is unable to perform his undertaking. It is not clear whether defendant, Marlin M. Schubert, was discharged in bankruptcy both individually and doing business as Marlin Associates, Inc., or merely as an individual. However, it is clear that the judgment note was undertaken as a corporate obligation and listed as a liability in the bankruptcy proceedings. It seems obvious that the obligee desired to secure the note by the endorsement of Mr. and Mrs. Schubert as guarantors. This type of undertaking is quite common in this Commonwealth, and to permit defendants to escape their liability as guarantors would be to destroy the customary suretyship rules and subject many persons to a risk not contemplated when they undertook similar arrangements.

ORDER

And now, February 8, 1965, upon consideration of briefs and argument presented to this court, upon the case stated, judgment is entered for plaintiff.